Woodworth, J.,
dissented. That the court has compel cut powers to afford the plaintiff relief is, in my view, unquestionable. We are called upon to direct that a capias be issued, nunc pro tunc, as of May vacation, 1818, returnable as of August term following. It is within the ordinary powers of the court to allow a new writ to be made out and delivered to the sheriff, where the former has been lost or destroyed. (White v. Lovejoy, 3 Johns. Rep. 448.) Whether the writ had actually been received by the sheriff, or been issued and lost, on its passage to the sheriffs office, cannot, I apprehend, make any difference; because the time of taking out the first process, for every material purpose, is to be considered as the actual commencement of the suit. (Carpenter v. Butterfield, 3 Johns. Cas. 145. Fowler v. Sharp, 15 Johns. Rep. 323.) But it is objected, that the court cannot rightfully *direct the sheriff to return non est inventus, on the new writ, issued for the purpose of continuing the proceedings ; and that, should the sheriff obey the order, he would be liable to an action for a false return. In answer to this objection, it must be remembered, that, with regard to legal fictions, it is a general maxim, that in fictione juris subsistit cequitas; wherever it may contribute to the advancement of justice, the fiction is maintained ; but is never allowed to work an injury or prejudice to any party. For the attainment of substantial justice, and to prevent the failure of right, the court frequently apply this maxim ; and the acts done by the officers of the court, (of which the sheriff is one,) in pursuance of their legitimate authority. could *275 never render the officer liable. If the new writ may be considered as having been in the sheriff’s hands, no injury is done to the defendant by such presumption, for I have already shown, that the suit was well commenced from the time of taking out the writ: the sheriff’s return of non est, would be justified by the order of the court, to advance the remedy, and riot fall within the description of acts which subject an officer to damages for a false return. What appears to me conclusive is, that it violates no right of the defendant, but subserves the justice of the case, as respects the plaintiff. In an action for a false return, the plaintiff must prove the existence of his debt or actual damages sustained; but how could Little support either r He never lias been arrested ; his complaint would be that the sheriff had returned that he was not found, and that, in consequence of such return, not that he had sustained damages, for. from the nature of the case, none could arise, but that the court, by exercising its legal discretion in support of right, had permitted the plaintiff to continue a suit commenced in good faith. That such a statement would not sustain an action for a false return against the sheriff, I think undeniable.
If, then, the court are vested with a discretion, the question is, Has not the plaintiff presented a case requiring its interposition ? The plaintiff having declared and entered a default, under a belief that his proceedings were regular, and those proceedings having been set aside in August term last, he is reduced to the necessity of abandoning his action %ltogether, as the statute of limitations had then attached, unless the court, by the exercise of its equitable jurisdiction, gives effect to the writ first sued out. In bringing the question before the court, there has been no laches or unreasonable delay, for the application, on which we are to decide, was made at the last October term. The plaintiff then having availed himself of the earliest day to obtain relief, and the court possessing ample powers to grant it, I do not perceive any well founded objection to exercising them : unless there is something in the nature of the action that forbids our interposition. The action is to recover a penalty for a violation of the statute against usury; and as to the power of the court, it extends to amendments in penal actions as well as others. In Maddock, qui tarn. v. Ham-met and others, (7 Term Rep. 55.) a rule was obtained to show cause why the declaration, which was in action for usury, should not be amended by altering the times of payment of certain notes, in which the usury was charged to consist; it being admitted, that the statute of limitations had run, so that no new action could be commenced. Lord Kenyon, who delivered the opinion of the court, lays down this doctrine, to which I have found no case opposed, that the court will grant leave to amend in penal actions, even after the time limited for bringing a new action, provided the plaintiff has not been guilty of any unnecessary delay in prosecuting his suit, and the *276 amendment prayed for does not introduce any new substantive cause of action. The present case is within the principle of that decision.
I am, therefore, of opinion, that the motion of the plaintiff ought to be granted.
Motion denied, (a)

 Brown v. Alpin, 1 Cowen, 203. United States v. Hanford Ely, 19 Johns. Rep. 173. Raymond v. Hinman, 4 Cowen, 41. Miller v. Gregory, Ibid. 504. Chandler v. Brecknell, Ibid. 49. The Commission Co. v. Russ, 8 Cowen, 122. Thomas, Administrator, v. Van Mess, 6 Cowen, 588.